[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the defendant's motion to vacate a court order for sanctions imposing attorney's fees for failure to appear at short calendar. The pertinent facts are as follows. The defendant's attorney subpoenaed the employer of the plaintiff to court on December 2, 1999. The employer, a physician, appeared on the required day with the documents listed in the subpoena. Also appearing for short calendar on December 2, 1999 were the plaintiff, her attorney and the defendant. At 11:45 am on December 2, 1999, the court (Levine, J.) directed plaintiffs counsel to inquire as to the whereabouts of defense counsel. A letter in the court filed indicated that defense counsel would be in another court earlier in the morning, but that he would appear for Meriden Short Calendar by 11:30 am. After the court (Levine, J.) learned that defense counsel would not appear, he entertained a motion from plaintiffs counsel for sanctions. The court granted the motion and ordered defense counsel to pay attorney's fees to the plaintiffs counsel in the amount of $250.00 pursuant to section 14-23 of Connecticut Practice Book.
The defendant now moves this court to vacate the order for CT Page 5151 sanctions, on the ground that he was not provided a hearing as required by section 11-13 of the practice book.[1] The plaintiff has filed no response to the defendant's motion.
For reasons more fully set forth herein, this court vacates the previous order and sets the matter down for an evidentiary hearing in order to provide the defense counsel with an opportunity to present facts to support his motion and in order to reconsider the appropriate amount, if any, for the monetary fine.
The central issue raised by the defendant's motion is whether or not the power of the court to sanction the conduct of an attorney extends to the circumstances presented in this case. Those circumstances are: an attorney schedules two court appearances at the same time; an attorney subpoena's a witness who is a medical doctor to one of those court appearances; an attorney arranges with his client to appear at one of those appearances at 11:30 a.m.; an attorney indicates to the court, in writing that he will appear, notwithstanding the scheduling conflict; an attorney fails to notify either the court, his client or opposing counsel when it becomes apparent to him that he will be unable to attend one of the court appearances; and the attorney fails to release the subpoenaed witness. This court is persuaded that these facts provide the requisite circumstances for the imposition of sanctions. Nonetheless, because in his motion, defense counsel raises factual issues as to the conduct of the plaintiff and its effect on his own conduct, this court concludes that sanctions would be appropriate only after considering the allegations raised by the defendant's attorney.
Connecticut's Practice Book contains several sections authorizing the court to order sanctions. Practice Book § 5-10[2], entitled "Sanctions for Counsel's Failure to Appear," states that "[c]ounsel who fails to appear on a scheduled date for any hearing or trial or who requests a continuance without cause or in any other way delays a case unnecessarily will be subject to sanctions pursuant to General Statutes § 51-84." Subsections (a) and (b) of General Statutes §51-84 provide that "[a]ttorneys admitted by the Superior Court shall be attorneys of all courts and shall be subject to the rules and orders of the courts before which they act [and] [a]ny such court may fine an attorney for transgressing its rules and order an amount not exceeding one hundred dollars for any offense, and may suspend or displace an attorney for just cause."
Section 14-25 (b) of the rules of practice addresses the availability of counsel for trial and states that "[a]ttorneys shall not enter or maintain appearances in cases in more than one place in CT Page 5152 the judicial district in which their principal office is located, or in any other judicial district unless they have trial counsel available to proceed in any case when reached."
The applicable law and rules of the court, clearly allow the court to fine an attorney for behavior such as that which appears to have been exhibited in this case. However, the appropriate amount for the fine appears to be $100. Further, until the court has given defense counsel an opportunity to provide evidence to support the various factual allegations he made in his motion, imposition of such a fine is premature. Accordingly, this court vacates the order for sanctions. and orders that this matter be set down for an evidentiary hearing.
____________________ Robinson, J.